Filed 9/15/20  P. v. Green CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAQUEL LESHA GREEN,<br><br>    Defendant and Appellant. | 2d Crim. No. B302182<br>(Super. Ct. No. BA437886)<br>(Los Angeles County) |

Raquel Lesha Green appeals from an order denying her petition to vacate her voluntary manslaughter conviction and obtain resentencing under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (S.B. 1437), which went into effect on January 1, 2019. (See Stats. 2018, ch. 1015, § 4.)  S.B. 1437 amended the felony-murder rule and the natural and probable consequences doctrine insofar as it applies to murder.  It also added section 1170.95 to the Penal Code.[1]  If a defendant has previously been convicted of murder under the felony-murder rule or the natural and probable

_____

[1] All further statutory references are to the Penal Code.

consequences doctrine and qualifies for relief under section 1170.95, the statute permits the defendant to petition to vacate the conviction and obtain resentencing on any remaining counts.

Appellant was charged with murder. (§ 187, subd. (a).) Pursuant to a plea bargain, in 2016 she pleaded no contest to voluntary manslaughter. (§ 192, subd. (a).) She admitted allegations that the offense had been committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) and that a principal in the commission of the offense had been armed with a firearm. (§ 12022, subd. (a)(1).) She was sentenced to prison for 22 years.

Without appointing counsel, the trial court summarily denied appellant's petition because she "is not entitled to relief as a matter of law." The court concluded that appellant is ineligible for relief because she "was a direct aider and abettor to the gang murder" and because section 1170.95 "provides potential relief only to those . . . convicted of murder." We affirm.

*Facts*

The trial court stated: "As this court presided over the trial in the co-defendant's case, it is familiar with the facts. [Appellant] was the driver of the vehicle from which the co-defendant shot the victim. She positioned the vehicle in such a manner as to facilitate both the shooting and the escape from the scene." The trial court's statement is the only indication of the facts in the record on appeal.

*S.B. 1437 and Section 1170.95*

"Under the felony-murder rule as it existed prior to Senate Bill 1437, a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her

2

mental state. [Citation.] . . . [¶] Independent of the felony-murder rule, the natural and probable consequences doctrine rendered a defendant liable for murder if he or she aided and abetted the commission of a criminal act (a target offense), and a principal in the target offense committed murder (a nontarget offense) that, even if unintended, was a natural and probable consequence of the target offense. [Citation.]" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247-248.)

In S.B. 1437 the Legislature stated, "It is necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To achieve this goal, S.B. 1437 amended section 189 insofar as it pertains to the felony-murder rule. It also amended section 188, which defines "malice," to provide, "Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); see Stats. 2018, ch. 1015, § 2.)

Section 1170.95, added by S.B. 1437, provides in subdivision (a), "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when" certain conditions apply. One of the conditions is that "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made [by S.B. 1437] effective January 1, 2019." (§ 1170.95, subd. (a)(3).)

3

*Appellant is Ineligible for Relief Because*
*She Was Not Convicted of Murder*

Appellant claims that the trial court erroneously determined that she is ineligible for relief under section 1170.95 because she was not convicted of murder.  This court rejected the identical claim in *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*):  "Here the language of the statute unequivocally applies to murder convictions.  There is no reference to the crime of voluntary manslaughter.  To be eligible to file a petition under section 1170.95, a defendant must have a first or second degree murder conviction.  The plain language of the statute is explicit; its scope is limited to murder convictions."

Appellant has not persuaded us that in *Cervantes* we misinterpreted the legislative intent underlying section 1170.95.  Other courts have approvingly cited *Cervantes* and concluded that section 1170.95 does not apply to manslaughter convictions.  (*People v. Paige* (2020) 51 Cal.App.5th 194 (*Paige*); *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916 (*Sanchez*); *People v. Turner* (2020) 45 Cal.App.5th 428, 432, 435-436; *People v. Flores* (2020) 44 Cal.App.5th 985, 989, 993.)  We stand by our holding in *Cervantes*.

Appellant argues that our interpretation of section 1170.95 results in equal protection and due process violations.  We reject the argument for the reasons stated in *Cervantes, supra*, 44 Cal.App.5th at pp. 888-889; *Paige, supra*, 51 Cal.App.5th at pp. 205-206; and *Sanchez, supra*, 48 Cal.App.5th at pp. 920-921.)[2]

---

[2] Because the trial court correctly ruled that appellant's voluntary manslaughter conviction rendered her ineligible for relief under section 1170.95, we need not consider whether the

4

*The Trial Court Was Not Required to*
*Appoint Counsel before Making Its Ruling*

Appellant maintains that, because she "satisfied the statutory criteria for a *prima facie* showing of eligibility for relief under the new law," the trial court had a "duty to appoint counsel for appellant, permit full and proper briefing of the issues, and conduct a hearing at which the parties could offer new or additional evidence . . . ." The trial court had no such duty. As explained above, appellant could not make a prima facie showing of eligibility because her voluntary manslaughter conviction rendered her ineligible as a matter of law.

*Disposition*

The order denying appellant's petition for relief pursuant to section 1170.95 is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

---

court erred in concluding that she was also ineligible because she had directly aided and abetted the killing.

5

Laura F. Priver, Judge

Superior Court County of Los Angeles

_____

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Chalres S. Lee, David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.